UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| L.M., an individual<br><br>    Plaintiff,<br> vs.<br><br><br>THATFORD LODGING LLC.,<br><br><br><br>    Defendant. | Case No.:<br><br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

COMES NOW the Plaintiff **L.M.**, by and through the undersigned counsel, and respectfully, submits her Complaint for damages and makes the following averments.

## INTRODUCTION

1. This action for damages is brought by **L.M.** ("Plaintiff"), a survivor of sex trafficking, under the Federal William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA"), 18 U.S.C. § 1595.

2. **THATFORD LODGING LLC.**, ("Defendant") was the owner of the subject premises and subject hotel located at 120 Osborn St, Brooklyn, NY 11212 during the relevant time period.

3. **THATFORD LODGING LLC.**, was the operator of the subject premises and subject hotel located at 120 Osborn St, Brooklyn, NY 11212 during the relevant time period.

4. Plaintiff meets the definition of a sex trafficking victim as she was induced by force, fraud, and coercion by her trafficker to engage in commercial sex at the subject hotel in 2016 through and inclusive of 2021.

5. Plaintiff further meets the definition of a sex trafficking victim as during part of the aforesaid time frame, Plaintiff was a minor induced to perform sex acts by her trafficker at the subject hotel before she had attained 18 years of age

6. As a hotel owner and hotel operator, Defendant controlled the training, policies, and decisions on implementation and execution of anti-trafficking policies, protocol, rules and guidelines for its subject property where Plaintiff was sex trafficked.

7. The passage of the TVPA in 2000 and the passage of the TVPRA in 2008 as well as numerous other legislative initiatives, put the Defendant on notice of the high likelihood of these illegal acts occurring on the subject hotel premises which, at a minimum, warranted them to be all the more vigilant and proactive in preventing this conduct.

8. Years before Plaintiff was trafficked, Defendant knew or should have known of the critical role that the hotel industry plays in enabling the sex trade industry and of the widespread national epidemic of hotel/motel sex trafficking. By 2012, training guides and videos were available through the American Hotel Lodging Association (AHLA) and ECPAT-USA and via other resources.

9. Section 1591 of the TVPRA criminalizes sex trafficking of adults by force, fraud or coercion. See 18 U.S.C. § 1591. Separately, §1595 of the TVPRA provides individuals who are victims of sex trafficking with a civil remedy against the traffickers or the beneficiaries of the sex trafficking crime. See 18 U.S.C. §1595(a). More specifically, §1595 provides for three distinct causes of action: (1) a claim against the trafficker who directly violated §1591(a)(1) – a criminal statute; (2) a beneficiary claim against the trafficker who directly violated §1591(a)(2) – a criminal statute; and (3) a beneficiary claim against a civil Defendant who did not violate §1591, but who "knowingly benefit[ed], financially or by receiving anything of value from participation

in a venture which that person knew or should have known has engaged in an act in violation of this chapter." 18 U.S.C. § 1595(a); the subject lawsuit is applicable to prong three, i.e. a beneficiary claim against a civil Defendant.

## PARTIES

10. Due to the sensitive, private, and potentially retaliatory nature of the allegations herein, Plaintiff's name and address are not contained in this Complaint to protect the safety, privacy and identity of this subject sex trafficked victim. Nationwide similarly situated Plaintiffs have proceeded by pseudonym or by their initials due to the foregoing.

11. Plaintiff is currently a resident of the State of California.

12. Plaintiff was born in 2001.

13. At all times relevant and material, Defendant **THATFORD LODGING LLC**., operated a hotel located at 120 Osborn St, Brooklyn, NY 11212 doing business as Quality Inn which was authorized to do, licensed to do, and was doing business in the State of New York offering the subject hotel as a place of public lodging.

14. Upon information and belief, Defendant **THATFORD LODGING LLC**., has it principal place of business at 120 Osborn St, Brooklyn, NY 11212.

## JURISDICTION AND VENUE

15. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution, laws, or treaties of the United States, namely 18 U.S.C. § 1595.

16. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the Count asserted in this action occurred in the judicial district where this action was brought, and Defendant conducts business within this District

pursuant to 28 U.S.C. § 1391(b).

## CAUSE OF ACTION

### A. VIOLATION OF 18 U.S.C. § 1595 ("TVPRA")

17. Plaintiff sets forth an action for violation of 18 U.S.C § 1595 as against the above-captioned Defendant.

18. Plaintiff was sex trafficked at **THATFORD LODGING LLC.**, located at 120 Osborn St, Brooklyn, NY 11212 in 2016 through and inclusive of 2021.

19. Plaintiff was sex trafficked at the subject hotel as a minor and then as an adult.

20. When sex trafficked as an adult at the subject hotel, Plaintiffs trafficker induced her to engage in sex with sex buyers at the subject hotel by force, fraud and coercion by means of, but not limited to: (1) instilling in her the fear of severe bodily harm or death if she did not obey her trafficker's directives; (2) hitting her with residual visible bruising (e.g. busted lip and black eye); (3) psychological coercion; (4) withholding items desired or needed by Plaintiff so as to force her to obey directives; and (5) otherwise causing Plaintiff to have sex with sex buyers at the subject hotel through force, fraud and coercion.

21. Defendant knowingly benefited from the sex trafficking of Plaintiff at the subject hotel by receiving payment for the rooms rented by her trafficker (or at the direction of her trafficker) that were used for sex trafficking, including as to the Plaintiff, in violation of the TVPRA in 2016 through and inclusive of 2021.

22. Defendant rented rooms to individuals it knew or should have known were engaged in the sex trafficking, and Plaintiff in particular, in violation of the TVPRA.

23. The rooms rented for use for sex trafficking at the subject premises were rented by the Plaintiff's trafficker or at the direction of the trafficker.

24. Discovery will inform whether the trafficker, (or individuals at the trafficker's direction), booked rooms at the subject hotel that were used for the sex trafficking of the Plaintiff in violation of the TVRPA:

   a. under the registrant's proper legal name or a false name;

   b. whether cash, prepaid card or credit card was used at the time of respective booking or renewal; and

   c. whether staff of Defendant required for each booking that the renter show their identification.

25. Plaintiff's trafficker took proceeds derived from the sex trafficking occurring on the subject premises to continue to pay for rooms rented at the subject hotel during the time that Plaintiff was being sex trafficked there in violation of the TVPRA.

26. In addition, Defendant received other financial benefit including, but not limited to, from Wi-Fi which, in part, enabled the subject sex trafficking to occur (as Plaintiff was advertised by her trafficker online) and from such Wi-Fi service Defendant, upon information and belief, received financial benefit.

27. Defendant participated in a venture by operating the subject hotel that rented rooms to individuals that Defendant knew or should have known were involved in sex-trafficking, including as to the Plaintiff herein, in violation of the TVPRA.

28. In this case, during the relevant time period alleged herein, Defendant took part in a common undertaking or enterprise involving risk and potential profit with Plaintiff's trafficker that violated the TVPRA.

29. Operating a hotel and renting out rooms is an enterprise involving risk and potential profit.

30. Defendant operating the subject hotel and renting out rooms to Plaintiff's trafficker was

an enterprise involving risk and potential profit.

31. Defendant operating the subject hotel and renting out rooms to Plaintiff's trafficker was an enterprise involving risk and potential profit which violated the TVPRA as to the Plaintiff herein.

32. A continuous business relationship existed between the subject hotel, its agents, employees and staff, and Plaintiff's trafficker, in part, in that the hotel repeatedly rented rooms to individuals they knew or should have known were involved in sex trafficking on the premises, including as to the Plaintiff.

33. Plaintiff's trafficker had prior commercial dealings with the subject hotel which the trafficker and Defendant wished to reinstate for profit when Plaintiff's trafficker repeatedly rented rooms that were used for trafficking of victims including Plaintiff.

34. Defendant's association with the Plaintiff's sex trafficker was a venture because her trafficker had prior commercial dealings with said Defendant, which the parties wished to reinstate for profit.

35. During time that Plaintiff was trafficked at the subject hotel she was at times trafficked with another victim known to Plaintiff as T.G.

36. Plaintiff's trafficker utilized online advertisements including, but not limited to, MegaPersonals to advertise Plaintiff to sex buyers.

37. This Defendant had constructive and actual knowledge that the undertaking or enterprise violated the TVPRA as to the Plaintiff.

38. Defendant knew or should have known about the nature of the sex trafficking occurring at the subject hotel, including as they related to Plaintiff, a victim, due to the many red flags then and there existing, including but not limited to:

a. regular foot traffic of sex buyers to the trafficker's rented room(s) to have sex with trafficked victim(s);

b. Plaintiff being trafficked during part of the period as a minor.

c. L.M. and T.G. being trafficked at times contemporaneously;

d. Plaintiff, at times, meeting sex buyers on the hotel premises and bringing them back to the room where trafficking was occurring

e. Plaintiff would walk around hotel grounds at times drug impaired (cocaine) and/or alcohol impaired, sleep deprived, hygiene impaired, behavior impaired, with visible bruising (e.g. busted lip and black eye), and malnourished

f. On the hotel premises, Plaintiff dressed at times in a sexually provocative manner.

g. Plaintiff's room exhibited signs of commercial sex work,

h. Intermittent loud noise and yelling emanating from room where sex trafficking of plaintiff was occurring

i. trafficker utilizing physical and verbal abuse on and as to Plaintiff

j. overt evidence that Plaintiff was being induced by force, fraud and coercion to have sex with sex buyers on the subject premises [e.g. (1) visible bruising (e.g. busted lip and black eye) (2) overt physical deterioration of Plaintiff, (3) intermittent screaming/loud noise from room(s) where trafficking of Plaintiff occurred [sufficiently loud to be heard by staff outside the room] and

      k. other commonly known sex trafficking red flags which the above captioned Defendant knew or should have known of had anti-trafficking measures been timely and properly implemented at the hotel.

39. Defendant's staff witnessed and observed on a regular and frequent basis signs and indicators of sex trafficking including as set forth in paragraph 38 above.

40. Plaintiff knows that individuals that witnessed and observed red flags indicative for suspicion for sex trafficking were staff members in that the staff were readily identifiable to Plaintiff either by her knowing of the individual and/or by means of the staff wardrobe/nametag/hotel logo and/or by means of a staff member being in an employee restricted area.

41. When being trafficked at the subject hotel during 2016 though and inclusive of 2021, Plaintiff interacted with Defendant's staff on a daily basis, and Defendant's staff witnessed and observed Plaintiff, her trafficker, as well as a steady procession of sex buyers going in and out of the subject rented rooms, contemporaneous with above other signs and indicators of trafficking occurring on the subject premises.

42. Defendant's failure, by its agents, servants, staff, and employees, to timely and properly prevent the sex trafficking or timely intervene regarding same was a proximate and competent cause and substantial factor in causing Plaintiff's severe injuries in this case including, but not limited to, being the victim of sex trafficking when at this subject hotel and suffering personal injury and the trauma physically and mentally of being induced to engage in commercial sex with multiple sex buyers per day, while being trafficked, and while simultaneously being under fear of severe harm or death if she did not comply as well as all residual injuries suffered by PTSD.

43. This hotel, during the relevant time period, could deny accommodation and/or eject a

guest for a number of reasons including, but not limited to, (1) guest visibly under the influence of drugs or alcohol, (2) guest creating a nuisance to the public; (3) guest believed to use a hotel room for unlawful purposes, (4) guest uses hotel amenities and premises for unlawful acts, (5) guest brings in extra unregistered guests, (6) guests behavior reasonably disturbs other guests (7) guest violates other rules set by the hotel and (8) for other indicated reasons.

44. Plaintiff being sex trafficked at this subject hotel was a proximate cause, competent cause and substantial factor in causing his severe and permanent injuries including but not limited to personal injuries including the horror of being a victim of sex trafficking as well as significant levels of psychological trauma due to the levels of abuse she was caused to endure during the time she was trafficked. This trauma led to depression, anxiety disorders, and PTSD, which in turn affects daily functioning.

45. As a direct and proximate result of Defendant's multiple failures to act, mandate, establish, execute anti-trafficking measures and modify their anti-trafficking efforts at its hotel property, Plaintiff was sex trafficked, sexually exploited, and victimized repeatedly at Defendant's hotel in violation of the TVPRA.

46. As a consequence of being sex trafficked at the subject hotel, Plaintiff suffered and will continue to suffer substantial economic, physical, mental, emotional, psychiatric, psychological injuries as the result of being trafficked and sexually exploited at the subject hotel in violation of 18 U.S.C. §1591.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant as identified in the above-referenced Counts and as follows:

a) All available compensatory damages for the described losses with respect to the above cause of action;

b) Past and future emotional distress;

c) Consequential and special damages;

d) All available noneconomic damages, including without limitation pain, suffering, and loss of enjoyment of life;

e) Disgorgement of profits obtained through unjust enrichment;

f) Restitution;

g) All damages allowable under the TVPRA;

h) Reasonable and recoverable attorney's fees;

i) Punitive damages with respect to each cause of action;

j) Costs of this action; and

k) Pre-judgement and all other interest recoverable.

## **DEMAND FOR JURY TRIAL**

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated: February 24, 2025

                                                 Respectfully submitted,

                                                 **DOUGLAS & LONDON, P.C.**
                                                 /s/ Chloe Makowsky, Esq.
                                                 Douglas and London, P.C.
                                                 59 Maiden Lane, 6th Floor
                                                 New York, NY 10038
                                                 Telephone: (212) 566-7500
                                                 Fax: (212) 566-7501
                                                 cmakowsky@douglasandlondon.com

**DOUGLAS & LONDON, P.C.**
Randolph Janis Esq.
Douglas and London, P.C.
59 Maiden Lane, 6th Floor
New York, NY 10038
Telephone: (212) 566-7500
Fax: (212) 566-7501
rjanis@douglasandlondon.com

*Attorneys for Plaintiff*